IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JAMES R. JONES AND ALEESA JONES                                    PLAINTIFFS

V.                                              CIVIL ACTION NO. 1:14-CV-00163-SA-DAS

RICHIE DARBY d/b/a DARBY'S ROOFING
AND HOME REPAIR and SHELTER MUTUAL
INSURANCE COMPANY                                                  DEFENDANTS

MEMORANDUM OPINION

This cause comes before the Court on the Plaintiffs' Motion to Remand [8] this case to the Circuit Court of Lee County, Mississippi. The Court, having considered the memoranda and submissions of the parties, along with other pertinent authorities, finds as follows:

*Factual and Procedural Background*

Plaintiffs James R. Jones and Aleesa Jones, both Mississippi residents, commenced this action in the Circuit Court of Lee County, Mississippi on August 12, 2014. Plaintiffs allege that in March of 2014 they contracted with Defendant Richie Darby, a Mississippi resident, to have the roof of their home replaced. Plaintiffs paid Darby a $7,500 down payment of the $13,000 dollar total, and Darby commenced work after March 13, 2014; however, as of May 27, 2014, the work had yet to be completed. Although the unfinished roof was secured by a tarp, storms and tornadoes in the Tupelo and Belden, Mississippi area on May 27, 2014 allegedly caused significant damage to Plaintiffs' home. Following the storm, Darby refused to refund the down payment on the roof and, at the time of filing, had yet to finish the work.

Furthermore, the Plaintiffs' insurance company, Shelter Mutual Insurance Company ("Shelter"), a Missouri corporation with its principle place of business in Columbia, Missouri, denied the Plaintiffs' policy claim. Shelter denied the claim on the basis that the loss was not accidental and that the loss was due to defective or inadequate workmanship. Further, Shelter explained that the policy did not cover rain damage unless an opening was first created by direct

damage to the building itself, and the policy excluded loss caused by the neglect of an insured to use all reasonable means to protect the property,

Plaintiffs commenced this action in the Circuit Court of Lee County, Mississippi. Defendant Shelter filed a Notice of Removal [1] alleging that Richie Darby, a Mississippi resident, was improperly joined under Mississippi Rule of Civil Procedure 20. Shelter claimed that Darby was "fraudulently misjoined" and diversity should be determined without regard to Darby's citizenship. The Plaintiffs then filed this Motion to Remand [8].

*Standard*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the districts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); *Addo v. Globe Life and Acc. Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000). The party removing the case and invoking the jurisdiction of this Court has the burden of establishing federal jurisdiction. *Massarella v. The Lane Co., Inc.*, 298 F. Supp. 2d 430, 432 (N.D. Miss. 2003).

After removal, a plaintiff may move for remand, and "[i]f it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Once a motion to remand is filed, the burden falls on the party seeking to maintain this Court's removal jurisdiction to show that the requirements for removal have been met. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The Court must construe the removal statutes "strictly

against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *Massarella*, 298 F. Supp. 2d at 432 ("Courts resolve removal doubts in favor of remand.") (citing *Boston v. Titan Indem. Co.*, 34 F. Supp. 2d 419, 423 (N.D. Miss. 1999)).

*Analysis and Discussion*

Shelter states in its Notice of Removal [1] that removal of this case was predicated on fraudulent misjoinder of parties. Fraudulent misjoinder provides an avenue in which a court can disallow remand if the non-diverse defendant was improperly joined under the rules of civil procedure. *Palermo v. Letourneau Tech., Inc.*, 542 F. Supp. 2d 499, 523-24 (S.D. Miss. 2008). The Eleventh Circuit initially recognized that "[m]isjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Indeed, the Fifth Circuit has held that misjoinder of defendants may not be used as tool to defeat diversity jurisdiction. *In re Benjamin Moore & Co.*, 309 F.3d 296, 296 (5th Cir. 2002); *Tapscott*, 77 F.3d at 1359.

Unlike fraudulent joinder, where the question is whether there is any possibility that the plaintiff will be able to establish a cause of action against a non-diverse defendant in state court, the question for purposes of fraudulent misjoinder is whether there is a possibility that a state court would find that joinder was proper. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *Palermo*, 542 F. Supp. 2d at 523. To determine whether parties are fraudulently misjoined, the Court must determine if there is "a reasonable possibility that a state court would find that [the plaintiff's] claims against the [defendant] were properly joined with his claims against the other defendant[.]" *Palermo*, 542 F. Supp. 2d at 523. Therefore, the Court will use state law to determine whether or not the claims were improperly joined. *Id.* at 523-24.

> Mississippi Rule of Civil Procedure 20(a) states that:
>
> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction or occurrence, and if any question of law or fact common to all defendants will arise in the action.

MISS. R. CIV. P. 20(a). Therefore, Rule 20 creates a two prong approach where both prongs must be satisfied to effectuate a proper joinder of parties: (1) the right to relief must arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) the claims against all defendants in the action must share a common question of fact or law. *Nsight Tech., LLC*, No. 3:09CV6-WHB, 2009 WL 1106868, at *3 (S.D. Miss Apr. 23, 2009). Trial courts have broad discretion in determining joinder of claims, and cases involving a joinder question under Rule 20 are reviewed on a case by case basis. *Wyeth-Ayerst Labs v. Caldwell*, 905 So. 2d 1205, 1207 (Miss. 2005).

To find that joinder was proper under Mississippi Rule of Civil Procedure 20(a), Plaintiffs must prove their right to relief against both Darby and Shelter arises from the same transaction, occurrence, or series of transactions or occurrences, and that there is a common question of fact or law common to the claims against Darby and Shelter. The right to relief will be said to arise out of a common occurrence when a distinct litigable event exists between the two claims. *Id.* at 1208. The determination of a distinct litigable event examines

> [w]hether a finding of liability for one plaintiff essentially establishes a finding for all plaintiffs, indicating that proof common to all plaintiffs is significant. The appropriateness of joinder decreases as the need for additional proof increases. If plaintiffs allege a single, primary wrongful act, the proof will be common to all plaintiffs; however separate proof will be required where there are several wrongful acts by several different actors. The need for separate proof is lessened only where the different wrongful acts are similar in type and character and occur close in time and/or place.

*Ill. Cent. R.R. v. Gregory*, 912 So. 2d 829, 834-35 (Miss. 2005).

The Mississippi Supreme Court has held that although a car wreck was the genesis of both events, a distinct litigable event did not exist where a bad faith breach of contract claim against an insurance company was brought in the same action as the tort claim against the alleged at-fault motorist. *Hegwood v. Williamson*, 949 So. 2d 728, 729-32 (Miss. 2007); *see also Cartwright v. State Farm Mut. Auto. Ins. Co.*, No. 4:14CV00057-GHD, 2014 WL 6959045 (N.D. Miss. Dec. 8, 2014) (holding same).

Plaintiffs brought an action against Shelter for a bad faith breach of contract due to their denial of coverage. The alleged wrongful act that brought about the cause of action against Shelter occurred after the storm when the insurance agents were deciding whether or not to accept Plaintiffs' claim. This suit will raise factual issues of "what occurred between the two insurance adjusters and how they made their decisions and legal issues of interpretation of insurance policies." *Hegwood*, 949 So. 2d at 730.[1] However, the alleged wrongful act by Darby occurred prior to the storm when he was securing the roof. This suit will raise questions of fact as to whether Darby was negligent. *See George B. Gilmore Co. v. Garrett*, 582 So. 2d 387, 391 (Miss. 1991) ("Accompanying every contract is a common law duty to perform with care, skill and reasonable experience, and a negligent failure to observe any of these conditions is a tort . . ." (quoting *Davis v. Anderson*, 501 S.W.2d 459, 462 (Tex. Civ. App. 1973)). Though, like the car wreck in *Hegwood*, the storm is common to both suits, the situations in which brought about each suit is distinct and different.

---

[1] The Plaintiffs cite *Mercer v. Moody*, 918 So. 2d 664 (Miss. 2005), arguing that the Mississippi Supreme Court has held that claims asserted by an injured party against an allegedly negligent tortfeasor and the injured party's insurer, both claims having origins in the same accident, arose from the same transaction or occurrence. However, *Mercer* is distinguishable from the instant case in that the claim against the insurance company was brought before the insurance company ever denied coverage. *Id.* at 665. Unlike the instant case, there were no separate events taken by the insurance company that led to the claim being made against them. *Id.*

Plaintiffs reason that if Darby is proven negligent, then it will establish that Shelter was correct in its denial of coverage and cannot be held liable. For this reason, Plaintiffs argue that the two suits should remain joined. However, the proof necessary to sustain each action is different to such an extent that the Court cannot maintain joinder of the two claims. *See Hegwood*, 949 So. 2d at 730 (stating that the tort claim would require different witnesses from the witnesses needed to prove the bad faith breach of contract claim); *see also Nsight Tech., LLC*, 2009 WL 1106868, at *4 (stating same).

For purposes of Mississippi Rule of Civil Procedure 20(a), the claims brought by the Plaintiffs against Defendants Darby and Shelter do not arise from the same transaction, occurrence, or series of transactions or occurrences. The two claims have origins in the same event, but the alleged wrongdoings happened at different times, will require different proof, and different witnesses. *See id.* Accordingly, the Court finds that the non-diverse Defendant Richie Darby has been misjoined to this action.

*Conclusion*

Therefore, Plaintiffs' Motion to Remand [8] is GRANTED IN PART and DENIED IN PART, as follows: (1) Plaintiffs' claims against Darby are SEVERED from the claims against Shelter; (2) Plaintiffs' claims against Darby are REMANDED to the Circuit Court of Lee County, Mississippi; and (3) Plaintiffs' Motion to Remand [8] is DENIED as it pertains to Shelter.

The Plaintiffs and remaining Defendant are instructed to contact the magistrate judge assigned to this case within fourteen days of the date of this order to schedule a case management conference.

SO ORDERED, this the 23rd day of July, 2015.

                                        **/s/ Sharion Aycock**
                                        **U.S. DISTRICT JUDGE**